**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FATMA MAROUF AND BRYN ESPLIN, <br> a married couple; and <br> NATIONAL LGBT BAR ASSOCIATION, <br> a non-profit membership organization <br><br> *Plaintiffs,* <br><br> v. <br><br> ALEX AZAR, in his official capacity as <br> Secretary of the UNITED STATES <br> DEPARTMENT OF HEALTH AND HUMAN <br> SERVICES, *et al.*, <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:18-cv-378 (APM) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

Counsel for Plaintiffs Fatma Marouf, Bryn Esplin, and National LGBT Bar Association ("Plaintiffs"); counsel for Defendants United States Department of Health and Human Services ("HHS"), Administration for Children and Families ("ACF"), Office of Refugee Resettlement ("ORR"), Alex Azar, in his official capacity as Secretary of HHS, Lynn Johnson, in her official capacity as Assistant Secretary for ACF, and Jonathan Hayes, in his official capacity as Acting Director of ORR (collectively the "Federal Defendants"); and counsel for United States Conference of Catholic Bishops ("USCCB") respectfully submit this Joint Status Report.

Since the parties' last Joint Status Report, ECF No. 38, and after appropriations were restored to the Department of Justice, counsel for all parties conferred on February 4 and 6, 2019, with respect to a potential settlement of this litigation. The parties agree that the discussions have been in good faith, but the parties are unable to reach an agreement at this time. The parties' respective positions on how to proceed are set forth below:

I.      **Federal Defendants' Position.**

Federal Defendants respectfully request that the Court continue to hold the motions to dismiss for a further 60 days to permit Federal Defendants to continue their efforts to establish an alternative provider in the Dallas-Fort Worth area of Texas, which may resolve individual Plaintiffs' claims.

As previously raised at the hearing on Defendants' motion to dismiss, the Government has identified a potential supplemental grantee to provide long-term foster care in the UAC program in the Dallas-Fort Worth area.  That potential supplemental grantee, Lutheran Immigration and Refugee Service ("LIRS"), is a longstanding partner of ORR in providing high quality services under both the UAC and URM programs, but it does not currently provide long-term foster care services through sub-grantees in either program in Dallas-Fort Worth.  LIRS has informed the Government that it is willing to provide services in the Dallas-Fort Worth area if it can locate a licensed child-placing agency with which to partner (in the same way that USCCB has partnered with Catholic Charities of Fort Worth).  LIRS also has informed the Government that it does not have any objection to working with same sex couples as foster parents.

Because LIRS does not currently provide long-term foster care under these programs in the Dallas-Fort Worth area, it does not currently have a partner and is engaged in efforts to establish one.  LIRS previously informed the Government that it was in discussions with a potential partner child-placing agency but, after the motion to dismiss hearing, the Government learned that that option would not come to fruition this Federal fiscal year.  LIRS has since informed the Government that it is currently engaged in discussions with three licensed child-placing agencies that could serve as a partner to LIRS in providing long-term foster care in the UAC program in Dallas-Fort Worth.  Such discussions involve evaluating the capacity and expertise of the potential

partners to ensure that they are capable of providing the quality services to unaccompanied youth that is expected by ORR and required under relevant laws and grant agreements.  If LIRS is able to reach agreement with such a partner, LIRS has represented that it will apply for supplemental funding under its current grant with ORR to provide such long-term foster care services under the UAC program.  Although the Government cannot prejudge any grant application, ORR remains open to considering such an application.

With respect to the URM program, LIRS has represented that it is willing to explore with ORR the possibility of serving as a supplemental replacement designee in the State of Texas for the URM program, providing foster care to unaccompanied refugee minors through the same potential provider in Dallas-Fort Worth.  ORR is also open to exploring this option.  Such a process could only begin after LIRS has identified a partner service provider in Dallas-Fort Worth.

As explained above, Federal Defendants' efforts to establish an alternative provider in Dallas-Fort Worth are necessarily reliant upon the voluntary involvement of third party service providers like LIRS and any licensed child-placing agency with which LIRS partners.  Because of the involvement of third parties, Federal Defendants are unable to forecast the outcome of this process or estimate how long it will take.  But Federal Defendants are committed to pursuing this scenario and hope to have more information for the Court on their progress in 60 days.

Federal Defendants believe that the introduction of LIRS as an alternative service provider under the UAC program will likely resolve individual Plaintiffs' claims that are premised on an alleged denial of opportunity to serve as foster parents to unaccompanied youth, by creating such an opportunity.  Accordingly, although Federal Defendants continue to believe that the arguments raised in their pending motion to dismiss warrant dismissal of the complaint in full, they

respectfully propose that the Court continue to hold the motions to dismiss for a further 60 days to permit additional time for the facts to develop concerning a potential alternative provider.

Holding the motions is particularly warranted because, as explained above, Federal Defendants are necessarily reliant upon the voluntary involvement of third party service providers like LIRS to provide the opportunity individual Plaintiffs allegedly seek; Federal Defendants do not have legal authority to directly serve as a child-placing agency under Texas law.  Thus, even if this case were to proceed to the merits and the individual Plaintiffs were to prevail, they could not obtain any more relief than what Federal Defendants are currently trying to provide, i.e., an alternative provider in Dallas-Fort Worth that will allow them an opportunity to become foster parents to unaccompanied youth.[1]  If plaintiffs were to obtain an order prohibiting HHS from working with USCCB in Texas (unless USCCB adopted policies it refuses to adopt), the result would not be to make foster services available to the plaintiffs but to deprive the children and all other prospective parents from having this foster care process available in Dallas-Fort Worth.  Thus, Federal Defendants' ongoing efforts with LIRS represent the best current means to create the opportunity individual Plaintiffs allegedly seek.  Indeed, in the URM program, LIRS is the only other national resettlement agency that is designated by the State Department to resettle unaccompanied refugee minors and it is not possible under the structure of the program for ORR to provide URM services through an agency not so designated by the State Department.  The State Department provides unaccompanied refugee minor referrals to USCCB and LIRS for URM placement and placement decisions are made by USCCB or LIRS.  A URM program not affiliated

---

[1] Notwithstanding their efforts here, Federal Defendants maintain that the Court lacks any legal basis to order them to attempt to work with LIRS or any other particular provider, or to fund a foster care program in Texas for UACs or URMs. If the Court does not dismiss this case entirely for lack of jurisdiction, Federal Defendants anticipate arguing that Plaintiffs' claims fail.

with either USCCB or LIRS would not be able to resettle unaccompanied refugee minors through the U.S. Refugee Admissions Program.

Federal Defendants propose that they file a status report by April 9, 2019 to provide the Court with an update on these issues.

## II.     USCCB's Position.

For the reasons expressed by the Federal Defendants, USCCB likewise respectfully requests that the Court continue to hold the motions to dismiss for a further 60 days to allow the government to continue its effort to establish an alternative provider in the Dallas-Fort Worth area of Texas.  As the existence of an additional provider would resolve Plaintiffs' asserted injuries—or, at the least, make a material difference to the Article III standing analysis—such an abeyance would further interests of judicial efficiency by helping to ensure that the Court does not render an opinion on the basis of circumstances that are soon likely to change.

Alternatively, USCCB respectfully requests that the Court set a status conference to allow the parties to further address the impact of the Federal Defendants' actions on the pending motions and the status of these proceedings.

## III.     Plaintiffs' Position.

Because the parties agree that, despite their good-faith discussions, they are unable to reach an agreement at this time, Plaintiffs seek to continue to prosecute their case expeditiously.  Plaintiffs, therefore, do not agree with Defendants' positions and respectfully request that the Court proceed to rule on the pending motions and otherwise allow the case to proceed.

Plaintiffs in good faith and early in the process provided Defendants with guiding principles to inform the parties' consideration of any resolution.  Plaintiffs also offered practical

suggestions for alternative ways in which Federal Defendants could ensure seamless and equitable consideration of applications from prospective foster parents in the region, and placement decisions that put children's best interests above all other considerations.  However, the parties could not reach agreement on either these principles or these practical suggestions.

Additionally, an alternative service provider has not been identified to serve as a subgrantee for LIRS under the Unaccompanied Refugee Minor (URM) and Unaccompanied Alien Children (UAC) programs in the region that does not discriminate based on its religious beliefs.  Although Federal Defendants represent that they have had discussions with LIRS about identifying a subgrantee in the region, and that LIRS is in exploratory discussions itself with three child-placing agencies, Federal Defendants cannot provide any reasonable assurance as to how long such an exploration will take, not to mention the fact that the government is currently focused only on UAC programs and Plaintiffs' claims seek consideration under both programs.

Moreover, it is Plaintiffs' position that identification of such a provider, without ensuring: a) a nondiscriminatory application process common to all applicants absent stigmatizing exclusions; and b) placement decisions for children in federal child welfare programs prioritize child welfare considerations by considering all eligible homes without regard to the religious exclusions of grantees, would be insufficient on its own to resolve either the individual Plaintiffs' claims under the equal protection and due process guarantees and the Establishment Clause, or all Plaintiffs' claims as taxpayers under the Establishment Clause. Because of the disagreement among the parties, Plaintiffs submit that this Court's guidance in the form of a decision on the respective motions to dismiss, and, if applicable, a period of discovery, are crucial to resolving this case.  Plaintiffs remain open to discussions with opposing parties with respect to settlement, subject to the principles above, as the case proceeds, of course.  Given that Plaintiffs first notified

Federal Defendants on or about February 22, 2017, that they had been excluded from participating

in the federal foster care programs at issue, and almost two years have elapsed since then, Plaintiffs

respectfully request that the case move forward without further delay.

Dated: February 8, 2019                              Respectfully submitted,

JOSEPH H. HUNT                                       HOGAN LOVELLS US LLP
Assistant Attorney General

                                                     By: /s/ *Kenneth Y. Choe*
MICHELLE BENNETT                                     Kenneth Y. Choe (pro hac vice)
Assistant Branch Director                            Jessica L. Ellsworth (DC Bar No. #484170)
                                                     Jennifer A. Fleury (DC Bar No. #187503)
*/s/ James Powers*                                   James A. Huang (pro hac vice)
JAMES R. POWERS (TX Bar No. 24092989)                **HOGAN LOVELLS US LLP**
Trial Attorney, Federal Programs Branch              555 Thirteenth Street, N.W.
U.S. Department of Justice,                          Washington, D.C. 20004-1109
Civil Division                                       Telephone: (202) 637-5600
1100 L Street, NW, Room 11218                        Facsimile: (202) 637-5910
Washington, DC 20005                                 jessica.ellsworth@hoganlovells.com
Telephone: (202) 353-0543                            ken.choe@hoganlovells.com
james.r.powers@usdoj.gov                             jennifer.fleury@hoganlovells.com
                                                     james.huang@hoganlovells.com
*Counsel for Federal Defendants*
                                                     Alali Dagogo-Jack (pro hac vice)
*/s/ David T. Raimer*                                **HOGAN LOVELLS US LLP**
David T. Raimer (DC Bar No. #994558)                 3 Embarcadero Center, Suite 1500
Anthony J. Dick (DC Bar No. #1015585)                San Francisco, California 94111
**JONES DAY**                                        Telephone: (415) 374-2338
51 Louisiana Ave. NW                                 Facsimile: (415) 374-2499
Washington, DC, 20001-2113                           alali.dagogo-jack@hoganlovells.com
Telephone: (202) 879-3939
Facsimile: (202) 626-1700                             Camilla B. Taylor (pro hac vice)
dtraimer@jonesday.com                                Jamie A. Gliksberg (pro hac vice)
ajdick@jonesday.com                                  **LAMBDA LEGAL DEFENSE AND**
                                                     **EDUCATION FUND, INC.**
Leon F. DeJulius, Jr. (pro hac vice)                 105 West Adams, 26th Floor
John D. Goetz (pro hac vice)                          Chicago, IL 60603-6208
**JONES DAY**                                        Telephone: (312) 663-4413
500 Grant Street, Suite 4500 Pittsburgh, PA          ctaylor@lambdalegal.org
15219-2514                                            jgliksberg@lambdalegal.org
Telephone: (412) 391-3939
Facsimile: (412) 394-7959

lfdejulius@jonesday.com
jdgoetz@jonesday.com

*Counsel for Defendant United States Conference of Catholic Bishops*

Kenneth D. Upton, Jr.* (pro hac vice)
**AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE**
1310 L Street NW, Suite 200
Washington, D.C. 20005
Telephone: (202) 466-3234
Facsimile: 202-898-0958
upton@au.org

* Licensed in Texas and Oklahoma only.
Supervised by Richard B. Katskee, a member of the D.C. Bar.

*Counsel for Plaintiffs*