**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FATMA MAROUF, *et al.*,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>ALEX AZAR, in his official capacity as<br>Secretary of the United States<br>Department of Health and Human<br>Services, *et al.*,<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>) Case No. 1:18-cv-378 (APM)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **FEDERAL DEFENDANTS' ANSWER**

Defendants United States Department of Health and Human Services ("HHS"); Administration for Children and Families ("ACF"); Office of Refugee Resettlement ("ORR"); Alex Azar, II, in his official capacity as Secretary of HHS; Lynn Johnson, in her official capacity as Assistant Secretary for ACF; and Jonathan Hayes, in his official capacity as Director of ORR (collectively the "Federal Defendants"), hereby submit their Answer to the Amended Complaint, ECF No. 21. Federal Defendants respond to the numbered paragraphs of the Amended Complaint as follows:

1. Paragraph 1 consists of Plaintiffs' characterization of this suit to which no response is required but, to the extent a response may be deemed required, is denied, except to admit that Paragraph 1 accurately identifies the parties to this action at the time the Amended Complaint was filed.

2. Paragraph 2 consists of legal conclusions regarding jurisdiction to which no response is required but, to the extent a response may be deemed required, is denied.

3. Paragraph 3 consists of legal conclusions regarding jurisdiction to which no response is required but, to the extent a response may be deemed required, is denied.

4. Paragraph 4 consists of legal conclusions regarding venue to which no response is required but, to the extent a response may be deemed required, Federal Defendants admit that venue is proper in this District.

5. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of Paragraph 5, except to admit that Fatma Marouf and Bryn Esplin are Plaintiffs in this lawsuit. The last sentence of Paragraph 5 consists of Plaintiffs' characterization of their legal position to which no response is required but, to the extent a response may be deemed required, is denied.

6. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 6, except to aver that an employee of the United States Conference of Catholic Bishops ("USCCB") informed ORR that Catholic Charities of Fort Worth ("CCFW") told Fatma Marouf that it does not recruit or assist with licensure of same-sex foster parents for religious reasons. Federal Defendants deny the second sentence of Paragraph 6.

7. Paragraph 7 solely concerns a party that was dismissed by the Court's June 12, 2019 Memorandum Opinion, ECF No. 48, and accordingly, no response to those allegations is required.

8. Paragraph 8 solely concerns a party that was dismissed by the Court's June 12, 2019 Memorandum Opinion, ECF No. 48, and accordingly, no response to those allegations is required.

9. Admitted.

10. The first sentence of Paragraph 10 is admitted. The second sentence of Paragraph 10 is denied, except to admit that ORR is located within HHS.

11. Paragraph 11 is denied, except to admit that Lynn Johnson, in her official capacity as Assistant Secretary for ACF, is a defendant in this action and leads ACF.

12. Paragraph 12 is denied, except to admit that Defendant ACF is headquartered in Washington, D.C., and is a division of HHS that implements certain human services programs that foster the economic and social welfare of youth and families.

13. Paragraph 13 is denied, except to admit that Jonathan Hayes, in his official capacity as Director of ORR, is a defendant in this action and leads ORR.

14. Paragraph 14 is denied, except to admit that Defendant ORR is headquartered in Washington, D.C., and is an office within ACF.

15. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 15, except to admit that USCCB is a Defendant in this lawsuit. The remainder of Paragraph 15 consists of legal conclusions and legal arguments to which no response is required.

16. In response to Paragraph 16, Federal Defendants aver that they lack knowledge or information sufficient to determine whether "many" children in the unaccompanied alien children ("UAC") or unaccompanied refugee minor ("URM") programs are fleeing violence and otherwise deny the remainder of Paragraph 16, except to admit that, collectively, thousands of youths receive care in the UAC and URM programs.

17. Paragraph 17 is denied, except to admit that ORR provides grants to States and replacement designees for the purpose of providing services to persons in the URM program.

18.     Paragraph 18 is denied, except to admit that ORR provides grants and contracts to non-Federal entities for the purpose of providing services to persons in the UAC program and that most but not all of ORR's referrals to the UAC program come from the Department of Homeland Security.

19.     Paragraph 19 consists of legal conclusions and legal arguments to which no response is required, but to the extent a response may be deemed required, is denied, except to admit that ORR has authority to issue grants and contracts to various non-Federal entities, including religiously affiliated organizations, to provide services to persons in the UAC and URM programs, and that ORR has authority to enforce applicable legal requirements associated with those grants and contracts.

20.     Paragraph 20 is denied, except to admit that various legal authorities regulate the provision of services under the UAC and URM programs.

21.     The first sentence of Paragraph 21 is admitted.  The second sentence of Paragraph 21 is denied, except to admit that faith-based organizations may receive federal grants and cooperative agreements under the UAC and URM programs.

22.     Paragraph 22 consists of legal conclusions and legal arguments to which no response is required but, to the extent a response may be deemed required, is denied.

23.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     Paragraph 24 consists of legal conclusions and legal arguments to which no response is required but, to the extent a response may be deemed required, Federal Defendants aver that they lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Denied.

26. Denied.

27. Paragraph 27 is denied, except to admit that USCCB is a grantee of ORR in both the UAC and URM programs.

28. The first sentence of Paragraph 28 is denied, except to admit that USCCB has received millions of dollars in grants from ORR in relation to the UAC and URM programs. The second sentence of Paragraph 28 is denied, except to admit that USCCB has authority to award sub-grants to other organizations and CCFW has been a sub-grantee of USCCB.

29. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Federal Defendants admit that USCCB's application for the project entitled Replacement Designee for the Unaccompanied Refugee Minor Program and Refugee School Impact Grant in Texas contained the quoted language.

31. Federal Defendants admit that USCCB's Continuation Proposal – FY2018 for the project entitled Safe Passages I – Residential (Long Term Foster Care) Services for Unaccompanied Children contained the quoted language.

32. Federal Defendants admit that a sample agreement between USCCB and sub-recipients was attached as appendix A-8 to USCCB's FY 2017 application for the program entitled Safe Passages I – Residential (Long Term Foster Care) Services for Unaccompanied Children and that document contained the quoted language.

33. Denied.

34. Paragraph 34 is denied, except to admit that USCCB has included statements similar to those quoted in Paragraphs 30, 31, and 32 in prior applications for grants under the URM and UAC programs.

35. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, except to admit that the quoted language is set forth on the website cited therein.

36. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, except to deny that the quoted language is currently set forth on the website cited therein.

37. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38. Denied.

39. Denied.

40. Paragraph 40 consists of legal conclusions and legal arguments to which no response is required but, to the extent a response may be deemed required, is denied, except to admit that applicable constitutional, statutory, and regulatory provisions apply to Federal Defendants.

41. Paragraph 41 consists of legal conclusions and legal arguments to which no response is required; Federal Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

42. Paragraph 42 consists of legal conclusions and legal arguments to which no response is required; Federal Defendants respectfully refer the Court to the cited regulation for a complete and accurate statement of its contents.

43. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, except to aver that an employee of USCCB informed ORR that CCFW told Fatma Marouf that it does not recruit or assist with licensure of same-sex foster parents for religious reasons.

49. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51. Paragraph 51 is denied, except to admit that the quotes contained therein are contained in the e-mails referenced and that the e-mails speak for themselves.

52. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Paragraph 53 is admitted, except that Federal Defendants lack knowledge or information sufficient to form a belief about CCFW's communications with Fatma Marouf since May 2, 2017.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. In Paragraph 58, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

59. Paragraph 59 is admitted, except Federal Defendants deny that they provide funds to USCCB's sub-grantees.

60. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. In Paragraph 75, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

76. Paragraph 76 consists of legal conclusions and legal arguments to which no response is required.

77. Denied.

78. Denied.

79. Paragraph 79 consists of legal conclusions and legal arguments to which no response is required.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. In Paragraph 84, Plaintiffs reallege the prior paragraphs as if fully stated therein. Federal Defendants thus incorporate by reference here their answers to those paragraphs.

85. Paragraph 85 consists of legal conclusions and legal arguments to which no response is required.

86. Paragraph 86 consists of legal conclusions and legal arguments to which no response is required.

87. Paragraph 87 consists of legal conclusions and legal arguments to which no response is required.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

The final section of the Complaint, titled "Prayer for Relief," consists of Plaintiffs' request for relief, to which no response is required; to the extent a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief requested.

Each and every allegation of the Amended Complaint not heretofore expressly responded to is hereby denied.

**DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, having answered, Federal Defendants pray that:

1. This Court enter judgment for Federal Defendants and dismiss this action with prejudice; and

2. Federal Defendants be granted such further relief as the Court may deem just and proper.

Dated: June 26, 2019                    Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        MICHELLE BENNETT
                                        Assistant Branch Director

                                        /s/ *James Powers*
                                        JAMES R. POWERS (TX Bar No. 24092989)

Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*Counsel for Federal Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed the foregoing with the Clerk of the Court through the ECF system on June 26, 2019. This system provided a copy to and effected service of this document on all parties.

      /s/ *James Powers*
      JAMES R. POWERS