## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATMA MAROUF, *et al.*, )<br><br>Plaintiffs )<br><br>v. )<br><br>ALEX AZAR, *et al.*, )<br><br>Defendants. ) | Civil Action No. 1:18-cv-00378 APM |

## DEFENDANT U.S. CONFERENCE OF CATHOLIC BISHOPS' ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant U.S. Conference of Catholic Bishops ("USCCB") responds to Plaintiffs' First Amended Complaint ("FAC") as set forth below.  Any allegation not expressly and explicitly admitted is denied.  USCCB also states that, except to the extent indicated below, it lacks knowledge or information sufficient to form a belief about the truth or falsity of allegations that relate to the actions, statements, or intents of Co-Defendants Alex Azar, U.S. Department of Health and Human Services ("HHS"), Steven Wagner, Administration for Children and Families ("ACF"), Scott Lloyd, or Office of Refugee Resettlement ("ORR") (collectively "Federal Defendants"), any third-parties, Plaintiffs Fatma Marouf and Bryn Esplin ("Individual Plaintiffs"), or Plaintiff National LGBT Bar Association, and, accordingly, deny such allegations unless expressly admitted.

Section headings from the FAC are repeated below solely for ease of reference.  By copying headings, USCCB does not admit to their accuracy.  USCCB reserves the right to amend this Answer.

## Introduction

1.      USCCB admits that the Individual Plaintiffs and National LGBT Bar Association have brought an action seeking declaratory and injunctive relief and monetary damages against Federal Defendants.  USCCB denies the remaining allegations in Paragraph 1 to the extent they relate to USCCB.  The remaining allegations in Paragraph 1 also refer to the Individual Plaintiffs, National LGBT Bar Association, and defendants other than USCCB.  USCCB therefore states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and denies these allegations.  USCCB also states that National LGBT Bar Association has been dismissed from this case.  In addition, USCCB states that the remaining the allegations set forth in Paragraph 1 are legal conclusions to which no response is required.

## Jurisdiction and Venue

2.      Paragraph 2 states legal conclusions to which no response is required.

3.      Paragraph 3 states legal conclusions to which no response is required.

4.      USCCB admits that it is an entity incorporated under the laws of the District of Columbia with its principal place of business in the District of Columbia.  USCCB denies the remaining allegations in Paragraph 4 to the extent they relate to USCCB.  The remaining allegations in Paragraph 4 also refer to defendants other than USCCB.  USCCB therefore states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and denies these allegations.  In addition, USCCB states that the remaining allegations set forth in Paragraph 4 are legal conclusions to which no response is required.

## Parties

5.      The allegations in Paragraph 5 refer to the Individual Plaintiffs.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

in Paragraph 5, and denies these allegations.  In addition, USCCB states that the allegations set forth in Paragraph 5 are legal conclusions to which no response is required.

6.      USCCB denies the allegations in Paragraph 6 to the extent they relate to USCCB. The allegations in Paragraph 6 refer to Individual Plaintiffs and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6, and denies these allegations.  In addition, USCCB states that the remaining allegations set forth in Paragraph 6 are legal conclusions to which no response is required.

7.      National LGBT Bar Association has been dismissed from this case.  To the extent a response is required, the allegations in Paragraph 7 refer to National LGBT Bar Association. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and denies these allegations.

8.      National LGBT Bar Association has been dismissed from this case.  To the extent a response is required, the allegations in Paragraph 8 refer to National LGBT Bar Association. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and denies these allegations.  In addition, USCCB states that the allegations set forth in Paragraph 8 are legal conclusions to which no response is required.

9.      The allegations in Paragraph 9 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and denies these allegations.

10.     The allegations in Paragraph 10 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and denies these allegations.

11.     The allegations in Paragraph 11 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and denies these allegations.

12.     The allegations in Paragraph 12 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and denies these allegations.

13.     The allegations in Paragraph 13 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and denies these allegations.

14.     The allegations in Paragraph 14 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations Paragraph 14, and denies these allegations.

15.     USCCB admits that it is a non-profit corporation incorporated in the District of Columbia with its principal place of business located in the District of Columbia.  USCCB admits that it has a legal and financial interest relating to the subject of this action.  USCCB states that the remaining allegations in Paragraph 15 are legal conclusions to which no response is required.

## Factual Allegations

*The Unaccompanied Refugee Minor Program and the Unaccompanied Alien Children Program*

16.     USCCB admits that the federal government has established the Unaccompanied Refugee Minor ("URM") Program and Unaccompanied Alien Children ("UC") Program.  USCCB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies these allegations.

17.     USCCB admits that children eligible for the URM Program include children under the age of 18 who are refugees, entrants, asylees, victims of trafficking, certain minors with special

immigrant juvenile status, or U visa holders.  The remaining allegations in Paragraph 17 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and denies these allegations.

18.     USCCB admits that children eligible for the UC Program include children arriving in the United States unaccompanied by a parent or legal guardian and who lack lawful immigration status in the United States.  The remaining allegations in Paragraph 18 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and denies these allegations.

19.     USCCB admits that ORR administers grants to and cooperative agreements with USCCB under both the URM Program and UC Program.  The remaining allegations in Paragraph 19 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, and denies these allegations.

20.     USCCB admits that ORR administers grants to and cooperative agreements with USCCB.  The remaining allegations in Paragraph 20 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge of information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and denies these allegations.  In addition, the allegations set forth in Paragraph 20 are legal conclusions to which no response is required.

21.     USCCB admits that it is a religiously-affiliated organization that receives grants through the URM Program and UC Program.  USCCB states that the remaining allegations set forth in Paragraph 21 are legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and denies these allegations.  In addition, the allegations set forth in Paragraph 22 are legal conclusions to which no response is required.

23.     The allegations in Paragraph 23 refer to defendants other than USCCB.  USCCB therefore lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and denies these allegations.

24.     USCCB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies these allegations.

25.     The allegations in Paragraph 25 refer to defendants other than USCCB.  USCCB therefore lacks knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and denies these allegations.

26.     USCCB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore denies these allegations.

*United States Conference of Catholic Bishops*

27.     USCCB admits that it is a grantee of ORR under the URM Program and UC Program.  USCCB denies the remaining allegations in Paragraph 27 as they relate to USCCB.  The remaining allegations in Paragraph 27 refer to third-parties and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and denies these allegations.

28.     USCCB admits that it receives money from ORR annually under the URM Program and UC Program and that its sub-grantee Catholic Charities of Fort Worth ("CCFW") performed services under the URM Program and UC Program in Fort Worth, Texas.  USCCB denies the remaining allegations in Paragraph 28 as they relate to USCCB.  The remaining allegations in

Paragraph 28 refer to third-parties and a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and denies these allegations.

29.     USCCB admits that it is a source of funding for CCFW under the URM Program and UC Program.  USCCB denies the remaining allegations in Paragraph 29 as they relate to USCCB. The remaining allegations in Paragraph 29 refer to a third-party. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29, and denies these allegations.

30.     USCCB admits that its URM Program grant application for fiscal year 2017 states that "USCCB/MRS must ensure that services provided under this application are not contrary to the authentic teaching of the Catholic Church, its moral convictions, or religious beliefs."  USCCB denies the remaining allegations in Paragraph 30.

31.     USCCB admits that its UC Program grant application for fiscal year 2017 states that "USCCB must ensure that services provided under this application are not contrary to the authentic teaching of the Catholic Church, its moral convictions, and religious beliefs in an approach that is consistent with the ACF Policy on Grants to Faith-Based Organizations."  USCCB denies the remaining allegations in Paragraph 31.

32.     USCCB admits that the sample Third-Party Agreement attached as Appendix A-8 to its UC Program grant application for fiscal year 2017 includes a provision entitled "Catholic Identity," which states that "USCCB/MRS must ensure that services provided to those serviced under this Agreement are not contrary to the authentic teaching of the Catholic Church, its moral convictions, and religious beliefs.  Accordingly, USCCB/MRS expects that the Sub-recipient will provide services under this Agreement within certain parameters including, among other things,

that the Sub-recipient will not provide, refer, encourage, or in any way facilitate access to contraceptives or abortion services."  USCCB denies the remaining allegations in Paragraph 32.

33.     The allegations in Paragraph 33 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33, and denies these allegations.

34.     USCCB admits that URM and UC grant applications for prior periods contained similar statements to those quoted in Paragraphs 31 and 32 of this Answer.  USCCB denies the remaining allegations in Paragraph 34 to the extent they relate to USCCB.  The remaining allegations in Paragraph 34 refer to a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34, and denies these allegations.

35.     USCCB admits that its website currently states that "[w]hen placing children with couples, Catholic Charities ensures those children enjoy the advantage of having a mother and a father who are married."  USCCB denies the remaining allegations in Paragraph 35.

36.     USCCB admits that a section of its website entitled "Frequently Asked Questions About the Defense of Marriage" currently states that "[w]hile placing a child in the care of two men or two women may be well-intentioned, it ultimately deprives the child of either a mother or a father, and in the place of one, substitutes another."  USCCB denies the remaining allegations in Paragraph 36.

37.     USCCB admits that on March 9, 2015, it published a press release announcing its support for the Child Welfare Provider Inclusion Act of 2015.  According to the press release, "[t]he Act would forbid the federal government, and any state receiving federal funds for child welfare services, from taking adverse action against a provider that, for religious or moral reasons,

declines to provide a child welfare social service." USCCB denies the remaining allegations in Paragraph 37.

38.     USCCB denies the allegations in Paragraph 38 as they relate to USCCB. The remaining allegations in Paragraph 38 refer to a defendant other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38, and denies these allegations.

39.     USCCB denies the allegations in Paragraph 39 as they relate to USCCB. The remaining allegations in Paragraph 39 refer to defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39, and denies these allegations. In addition, the allegations set forth in Paragraph 39 are legal conclusions to which no response is required.

40.     The allegations in Paragraph 40 refer to defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and denies these allegations. In addition, the allegations set forth in Paragraph 40 are legal conclusions to which no response is required.

41.     USCCB denies the allegations in Paragraph 41 as they relate to USCCB. The remaining allegations in Paragraph 41 refer to third-parties and a defendant other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41, and denies these allegations. In addition, the remaining allegations set forth in Paragraph 41 are legal conclusions to which no response in required.

42.     USCCB denies the allegations in Paragraph 42 as they relate to USCCB. The remaining allegations in Paragraph 42 refer to third-parties and a defendant other than USCCB.

USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 42, and denies these allegations.  In addition, the remaining allegations set forth in Paragraph 42 are legal conclusions to which no response in required.

*Fatma and Bryn Seek to Foster Unaccompanied Refugee Child*

43.     The allegations in Paragraph 43 refer to the Individual Plaintiffs.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and denies these allegations.

44.     The allegations in Paragraph 44 refer to the Individual Plaintiffs.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and denies these allegations.

45.     Upon information and belief, USCCB admits that Plaintiff Marouf attended a tour of CCFW.  The remaining allegations in Paragraph 45 refer to an Individual Plaintiff and a third-party.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and denies these allegations.

46.     Upon information and belief, USCCB admits that a telephone call was scheduled between Plaintiffs and CCFW.  The remaining allegations in Paragraph 46 refer to the Individual Plaintiffs and a third-party.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46, and denies these allegations.

47.     Upon information and belief, USCCB admits that Plaintiffs had a telephone call with CCFW.  The remaining allegations in Paragraph 47 refer to the Individual Plaintiffs and a third-party.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47, and denies these allegations.

48.     The allegations in Paragraph 48 refer to the Individual Plaintiffs and a third-party. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, and denies these allegations.

49.     The allegations in Paragraph 49 refer to an Individual Plaintiff and a third-party. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and denies these allegations.

50.     The allegations in Paragraph 50 refer to an Individual Plaintiff and a third-party. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and denies these allegations.

51.     USCCB admits that Plaintiff Marouf emailed "ACF Urmprogram (ACF)" on February 22, 2017.  The remaining allegations in Paragraph 51 refer to an Individual Plaintiff and a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51, and denies these allegations.

52.     The allegations in Paragraph 52 refer to the Individual Plaintiffs and a third-party. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and denies these allegations.

53.     The allegations in Paragraph 53 refer to an Individual Plaintiff, a third-party, and a defendant other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and denies these allegations.

54.     USCCB denies the allegations in Paragraph 54 as they relate to USCCB.  The remaining allegations in Paragraph 54 refer to third-parties. USCCB therefore lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54, and denies these allegations. In addition, the allegations set forth in Paragraph 54 are legal conclusions to which no response is required.

55. USCCB denies the allegations in Paragraph 55 as they relate to USCCB. The remaining allegations in Paragraph 55 refer to third-parties. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55, and denies these allegations.

56. USCCB denies the allegations in Paragraph 56 as they relate to USCCB. The remaining allegations in Paragraph 56 refer to third-parties and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, and denies these allegations. In addition, the allegations set forth in Paragraph 56 are legal conclusions to which no response is required.

57. USCCB denies the allegations in Paragraph 57 as they relate to USCCB. The remaining allegations in Paragraph 57 refer to a third-party and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57, and denies these allegations. In addition, the allegations set forth in Paragraph 57 are legal conclusions to which no response is required.

## CLAIMS FOR RELIEF

### Count I
### (First Amendment – Establishment Clause)
### U.S. Const. amend I

58. USCCB incorporates its responses to foregoing Paragraphs 1 through 57 as if fully set forth herein.

59. USCCB admits that it receives federal funding under the URM Program and UC Program. USCCB denies the remaining allegations in Paragraph 59 as they relate to USCCB. The

remaining allegations in Paragraph 59 refer to third-parties and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and denies these allegations.

60.     USCCB denies the allegations in Paragraph 60 as they relate to USCCB.   The remaining allegations in Paragraph 60 refer to third-parties. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and denies these allegations.  In addition, the allegations set forth in Paragraph 60 are legal conclusions to which no response is required.

61.     USCCB denies the allegations a in Paragraph 61 as they relate to USCCB.   The remaining allegations in Paragraph 61 refer to third-parties and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61, and denies these allegations.  In addition, the allegation set forth in Paragraph 61 are legal conclusions to which no response is required.

62.     USCCB denies the allegations in Paragraph 62 as they relate to USCCB.   The remaining allegations in Paragraph 62 refer to third-parties and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62, and denies these allegations.  In addition, the allegation set forth in Paragraph 62 are legal conclusions to which no response is required.

63.     USCCB denies the allegations in Paragraph 63 as they relate to USCCB.   The remaining allegations in Paragraph 63 refer to the Individual Plaintiffs, third-parties, and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 63, and denies these

allegations.  In addition, the allegations set forth in Paragraph 63 are legal conclusions to which no response is required.

64.     USCCB denies the allegations in Paragraph 64 as they relate to USCCB.  The remaining allegations in Paragraph 64 refer to the Individual Plaintiffs, third-parties, and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64, and denies these allegations.  In addition, the allegations set forth in Paragraph 64 are legal conclusions to which no response is required.

65.     USCCB denies the allegations in Paragraph 65 as they relate to USCCB.  The remaining allegations in Paragraph 65 refer to third-parties and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65, and denies these allegations.  In addition, the allegations set forth in Paragraph 65 are legal conclusions to which no response is required.

66.     USCCB denies the allegations in Paragraph 66 as they relate to USCCB.  The remaining allegations in Paragraph 66 refer to third-parties and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66, and denies these allegations.  In addition, the allegations set forth in Paragraph 66 are legal conclusions to which no response is required.

67.     USCCB denies the allegations in Paragraph 67 as they relate to USCCB.  The remaining allegations in Paragraph 67 refer to third-parties and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 67, and denies these allegations.  In addition, the allegations set forth in Paragraph 67 are legal conclusions to which no response is required.

68.     USCCB denies the allegations in Paragraph 68 as they relate to USCCB.  The remaining allegations in Paragraph 68 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68, and denies these allegations.  In addition, the allegations set forth in Paragraph 68 are legal conclusions to which no response is required.

69.     USCCB denies the allegations in Paragraph 69 as they relate to USCCB.  The remaining allegations in Paragraph 69 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69, and denies these allegations.  In addition, the allegations set forth in Paragraph 69 are legal conclusions to which no response is required.

70.     USCCB denies the allegations in Paragraph 70 as they relate to USCCB.  The remaining allegations in Paragraph 70 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70, and denies these allegations.  In addition, the allegations set forth in Paragraph 70 are legal conclusions to which no response is required.

71.     USCCB denies the allegations in Paragraph 71 as they relate to USCCB.  The remaining allegations in Paragraph 71 refer to a third-party and defendants other than USCCB. USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71, and denies these allegations.  In addition, the allegations set forth in Paragraph 71 are legal conclusions to which no response is required.

72.     USCCB denies the allegations in Paragraph 72 as they relate to USCCB.  The remaining allegations in Paragraph 72 refer to the Individual Plaintiffs, National LGBT Bar Association, and defendants other than USCCB.   USCCB therefore lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72, and denies these allegations.  USCCB also states that National LGBT Bar Association has been dismissed from this case.  In addition, the allegations set forth in Paragraph 72 are legal conclusions to which no response is required.

73.     The allegations in Paragraph 73 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and denies these allegations.  In addition, the allegations set forth in Paragraph 73 are legal conclusions to which no response is required.

74.     The allegations in Paragraph 74 refer to the Individual Plaintiffs, National LGBT Bar Association, and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and denies these allegations.  USCCB also states that National LGBT Bar Association has been dismissed from this case.  In addition, the allegations set forth in Paragraph 74 are legal conclusions to which no response is required.

**Count II**
**(Fifth Amendment – Equal Protection)**
**U.S. Const. amend V**

75.     USCCB incorporates its responses to foregoing Paragraphs 1 through 74 as if fully set forth herein.

76.     USCCB states that the allegations set forth in Paragraph 76 are legal conclusions to which no response is required.

77.     The allegations in Paragraph 77 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and denies these allegations.  In addition, the allegations set forth in Paragraph 77 are legal conclusions to which no response is required.

78.     The allegations in Paragraph 78 refer to the Individuals Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and denies these allegations.  In addition, the allegations set forth in Paragraph 78 are legal conclusions to which no response is required.

79.     USCCB states that the allegations set forth in Paragraph 79 are legal conclusions to which no response is required.

80.     The allegations in Paragraph 80 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and denies these allegations.  In addition, the allegations set forth in Paragraph 80 are legal conclusions to which no response is required.

81.     The allegations in Paragraph 81 refer to defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and denies these allegations.  In addition, the allegations set forth in Paragraph 81 are legal conclusions to which no response is required.

82.     The allegations in Paragraph 82 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and denies these allegations.  In addition, the allegations set forth in Paragraph 82 are legal conclusions to which no response is required.

83.     The allegations in Paragraph 83 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and denies these allegations.  In addition, the allegations set forth in Paragraph 83 are legal conclusions to which no response is required.

**Count III**
**(Fifth Amendment – Substantive Due Process)**
**U.S. Const. amend V**

84.     USCCB incorporates its responses to foregoing Paragraphs 1 through 83 as if fully set forth herein.

85.     USCCB states that the allegations set forth in Paragraph 85 are legal conclusions to which no response is required.

86.     USCCB states that the allegations set forth in Paragraph 86 are legal conclusions to which no response is required.

87.     USCCB states that the allegations set forth in Paragraph 87 are legal conclusions to which no response is required.

88.     USCCB denies the allegations in Paragraph 88 as they relate to USCCB.  The allegations in Paragraph 88 refer to the Individual Plaintiffs, third-parties, and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, and denies these allegations.  In addition, the allegations set forth in Paragraph 88 are legal conclusions to which no response is required.

89.     The allegations in Paragraph 89 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and denies these allegations.  In addition, the allegations set forth in Paragraph 89 are legal conclusions to which no response is required.

90.     The allegations in Paragraph 90 refer to the Individual Plaintiffs and defendants other than USCCB.  USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90, and denies these allegations.  In addition, the allegations set forth in Paragraph 90 are legal conclusions to which no response is required.

91.     The allegations in Paragraph 91 refer to defendants other than USCCB.   USCCB therefore lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and denies these allegations.  In addition, the allegations set forth in Paragraph 91 are legal conclusions to which no response is required.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiffs' prayer for relief, USCCB denies that Plaintiffs are entitled to the relief they seek.

## USCCB ADDITIONAL DEFENSES

USCCB sets forth below its additional defenses.  Each additional defense is asserted as to all claims against USCCB.  By setting forth these defenses, USCCB does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

USCCB reserves all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## First Defense

Plaintiffs fail to state a claim upon which relief may be granted.

## Second Defense

Plaintiffs' claims are barred for lack of standing to file suit.

## Third Defense

Plaintiffs are not entitled to relief because the Government has an obligation to accommodate religious beliefs under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, and doing so does not violate the U.S. Constitution.

WHEREFORE, Defendant USCCB prays as follows:

(1)     That this Court enter judgment for USCCB and that this action be dismissed in its

entirety;

(2)     For such other and further relief as the Court may deem just and proper.

Dated: June 26, 2019                                 Respectfully submitted,


*/s/ David T. Raimer.*
David T. Raimer (DC ID #994558)
Anthony J. Dick (DC ID #1015585)
JONES DAY
51 Louisiana Ave. NW
Washington, DC, 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
dtraimer@jonesday.com
ajdick@jonesday.com

*Leon F. DeJulius, Jr. (PA ID #90383)
*John D. Goetz (PA ID #47759)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Tel.: 412-391-3939
Fax: 412-394-7959
lfdejulius@jonesday.com
jdgoetz@jonesday.com

*Counsel for Defendant U.S. Conference of
Catholic Bishops*

*Admitted pro hac vice*

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2019 a true and correct copy of the foregoing Answer was filed using the Court's CM/ECF system, which will serve all counsel of record.

*/s/ David T. Raimer*
David T. Raimer (DC ID #994558)
Anthony J. Dick (DC ID #1015585)
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001-2113
Tel.: 202-879-3939
Fax: 202-626-1700
dtraimer@jonesday.com
ajdick@jonesday.com

*Leon F. DeJulius, Jr. (PA ID #90383)
*John D. Goetz (PA ID #47759)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Tel.: 412-391-3939
Fax: 412-394-7959
lfdejulius@jonesday.com
jdgoetz@jonesday.com

*Counsel for Defendant U.S. Conference of Catholic Bishops*

*\*Admitted pro hac vice*