IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATMA MAROUF, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>          Defendants. | Case No. 18-cv-378 (APM) |

# **FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT DEADLINES**

## **RELIEF REQUESTED**

Federal Defendants file this motion to stay the summary judgment briefing deadlines set forth in ECF No. 94, the first of which is set for November 19, 2021. In light of imminent changes to the relationship between Federal Defendants and USCCB described below and for the reasons that follow, a stay of these deadlines is supported by good cause and is consistent with judicial economy and conservation of the parties' resources. Federal Defendants propose that the parties file a joint status report by January 14, 2022, to address whether continuation of the stay is appropriate or to propose a schedule for further proceedings in this litigation. Federal Defendants have conferred with counsel for the parties regarding this motion. USCCB consents and Plaintiffs oppose.

Federal Defendants further request an immediate administrative stay of the parties' briefing deadline of November 19, to provide the Court sufficient time to consider this motion.

**ARGUMENT**

**1.** At issue in this lawsuit is USCCB's relationship with the Office of Refugee Resettlement ("ORR") for the provision of long term foster care in the Unaccompanied Children ("UC") and Unaccompanied Refugee Minor ("URM") programs, specifically in the Dallas-Fort Worth region of Texas. Plaintiffs' claims concern USCCB's religious objection to working with same sex couples as foster parents and a specific instance in which a USCCB sub-grantee declined to work with the Plaintiffs on that basis.

The Court previously entered a stay of these proceedings, ECF No. 89, following the parties' joint statement that doing so would encourage settlement discussions, ECF No. 88. Those settlement discussions proved unsuccessful, ECF No. 92, and the Court thereafter entered a summary judgment schedule, which provides for initial briefs to be filed November 19, 2021. ECF No. 94.

**2.** Recently, and after the current schedule was entered, ORR decided to reform its relationship with USCCB as follows. ORR anticipates funding a third-party entity—the U.S. Committee for Refugees and Immigrants ("USCRI")—to perform initial intake functions for any prospective foster parent seeking to provide long-term foster care in the URM program in the Dallas-Fort Worth region of Texas.[1] Under this approach, USCRI's sole responsibility in administering the URM program in Texas would be to provide these intake services in the Dallas-Fort Worth area. USCRI would receive funding directly from ORR to provide these services.

Practically speaking, ORR anticipates that USCRI would establish a hotline and email address to receive prospective foster parent inquiries, which would be included in recruitment materials used

---

[1] USCCB no longer provides long-term foster care in the UC program in the Dallas-Fort Worth region of Texas. Accordingly, the reform described herein only applies to the URM program.

by ORR sub-grantees providing long-term foster care in the URM program in Dallas-Fort Worth—at this time, Catholic Charities of Dallas and Upbring, an affiliate of Lutheran Immigration and Refugee Service ("LIRS").  Any inquiries from prospective foster parents in the region that are received by ORR or its grantees and sub-grantees would be referred to USCRI's hotline and/or email for intake.  USCRI would perform standard data collection as part of its intake processing, asking basic demographic questions, including questions related to family composition.  Based, in part, on this data collection, USCRI would then refer the individual or couple to Catholic Charities of Dallas or Upbring for potential training and licensure as foster parents in Texas through those organizations.  Neither USCRI nor LIRS has any objection to working with same sex couples as foster parents.  ORR anticipates that under this arrangement, no prospective foster parent in the URM program in Dallas-Fort Worth will be turned away from the program on the basis of his or her sexual orientation.

ORR, USCCB, LIRS, and USCRI are all now actively working to implement the reform described herein.  USCRI has informed ORR that it anticipates implementing its role in the consortium by the end of 2021.

3.   The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Consistent with that power, the rules further provide that scheduling orders may be modified for "good cause."  Fed. R. Civ. P. 16(b)(4).  A brief renewed stay of these proceedings is appropriate in light of these principles.  Federal Defendants respectfully propose that the above-described modifications to the URM program will bear substantially on the claims and defenses in this litigation.  Accordingly, proceeding to summary judgment before these changes have been put into place would be wasteful of the parties' and the Court's resources.  Indeed, if summary judgment briefing begins on

November 19 as currently scheduled, many of the parties' arguments may be essentially mooted shortly after briefs are filed because of the foregoing changes. The most efficient approach, therefore, is a stay of the summary judgment deadlines set forth in ECF No. 94 until the changes discussed herein have been established.

## CONCLUSION

In sum, Federal Defendants propose that the Court stay all deadlines set forth in ECF No. 94 and set a deadline of January 14, 2022, for the parties to report their joint or respective positions regarding whether the stay should continue or the schedule for summary judgment briefing that should be entered. Federal Defendants also stand ready to discuss these matters with the Court at a status conference should it prefer to convene one before ordering a stay. Finally, Federal Defendants ask that the Court enter an immediate administrative stay of the briefing deadline set for November 19, 2021, to provide the Court adequate time to consider this motion.

Dated:  November 8, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
JASON LYNCH
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*Counsel for Federal Defendants*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FATMA MAROUF, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>Defendants. | Case No. 18-cv-378 (APM) |

## **[PROPOSED] ORDER**

Upon consideration of Federal Defendants' Motion to Stay Summary Judgment Deadlines, and good cause having been shown, it is hereby **ORDERED** that the Motion is **GRANTED** and further deadlines in this litigation are **STAYED** pending further order of the Court. The Parties shall submit a Joint Status Report no later than January 14, 2022, in which they shall report their joint or respective positions regarding whether the stay should continue or the schedule for summary judgment briefing that should be entered.

Dated: _____    _____
                                                                   Amit P. Mehta
                                                                   United States District Judge